UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSIKA ELLEN STOVER, aka JESSIE E. STOVER,<br><br>                Plaintiff,<br><br>   v.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                Defendants. | Case No. 1:12-cv-00393-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff, a prisoner in the custody of the Idaho Department of Correction (IDOC), is proceeding pro se and in forma pauperis in this civil rights action. Now pending before the Court are the following motions: (1) Plaintiff's Motion for Extension of Time (Dkt. 80); (2) Plaintiff's Motion for Order Compelling Discovery (Dkt. 96); (3) Plaintiff's Notice and Motion for Hearing or Alternatively Notice and Motion for Telephonic Hearing (Dkt. 102) with respect to her motion to compel; (4) Plaintiff's Motion for Leave of Court to Amend Complaint (Dkt. 101); and (5) Plaintiff's Motion for Leave of Court to File Additional Motion (Dkt. 114).

**MEMORANDUM DECISION AND ORDER  1**

Having carefully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. D. Idaho L. Civ. R. 7.1(d).[1] Accordingly, the Court enters the following Order.

## BACKGROUND

Plaintiff filed the initial Complaint in this action on August 6, 2012. Plaintiff's claims arise from events that occurred while Plaintiff was incarcerated at a state-run prison and at Idaho Correctional Center (ICC), a private prison then-operated by Corrections Corporation of America (CCA) under contract with the IDOC. After Plaintiff filed an Amended Complaint (Dkt. 10), the Court reviewed the Amended Complaint under 28 U.S.C. § 1915A and allowed Plaintiff to proceed on a number of claims under 42 U.S.C. § 1983 against Defendants CCA, ICC, Corizon Medical Services (Corizon), Kerr, Wengler, Allen, Magon, Cardona, Siegert, Romwell, Kirkman, and Wamble-Fisher. (Dkt. 16.)

Prior to the deadline for motions to amend and to join parties, Plaintiff filed an initial proposed second amended complaint, which the Court construed to include a motion to amend. (Dkt. 70, 95 at 1.) Plaintiff later withdrew the proposed amendment. (Dkt. 94.) The dispositive motions deadline has been stayed pending further notice by the Court. (Dkt. 95.) The Court now turns to Plaintiff's pending Motions.

---

[1] For this reason, Plaintiff's motion for a hearing on the motion to compel will be denied.

**MEMORANDUM DECISION AND ORDER 2**

# PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Plaintiff asks for an extension of time for two reasons. First, she asks for an extension to file a reply brief in support of Plaintiff's initial proposed second amended complaint and to file a response to Defendants' earlier motion to strike. (Dkt. 80.) Because Plaintiff withdrew that proposed amendment (Dkt. 94) and because the motion to strike has been deemed moot (*see* Dkt. 95 at 1-2), that portion of Plaintiff's Motion for Extension of Time is also moot.

Second, Plaintiff seeks to extend the discovery period. Discovery was set to close in this case on April 17, 2014, after Plaintiff filed the Motion for Extension of Time. Plaintiff has not identified any reason for an extension other than that Defendants have allegedly not complied with their discovery obligations and that the discovery process is burdensome given that she has to communicate with the multiple law firms representing the multiple Defendants.

The first reason offered by Plaintiff, that Defendants are not appropriately answering her discovery requests, is much too vague to justify extending the discovery period. Further, as the Court explains below, Plaintiff's Motion to Compel discovery will be denied.

Plaintiff's second complaint—that she is having difficulty with discovery given the number of defendants and defense attorneys involved in this case—is merely a consequence of her decision to file suit against so many Defendants. Plaintiff chose to

**MEMORANDUM DECISION AND ORDER  3**

structure her case in that manner, and she may not now complain that she has sued too many defendants. Therefore, Plaintiff's Motion for Extension of Time will be denied.

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff's Motion to Compel must be denied because she filed it without first making a good faith and reasonable effort to meet and confer with Defendants' counsel to work out any discovery disputes. Fed. R. Civ. P. 37(a)(1); D. Idaho Loc. Civ. R. 37.1. Rather, in March 2014, Plaintiff sent Defendants a "Notice and Certification of Evasive Discovery." (Dkt. 96-10; Ex. F-1 to Plaintiff's Motion to Compel.) This document stated only that Defendants were being "evasive" in their discovery responses and that Plaintiff "intend[ed] to seek a Motion to Compel Discover [sic]." (*Id.*) Plaintiff did not describe which discovery responses Plaintiff found improper or incomplete, nor did she explain in what manner Defendants' responses were evasive. Thus, prior to the filing of the Motion to Compel on April 7, 2014, Plaintiff had not satisfied her obligation to attempt to work out her discovery disputes with Defendants' counsel.

Plaintiff states in her reply brief that "[a]t the close of [her] deposition Plaintiff did confer with each and every attorney, wherein complaining about each of them not cooperating with her discovery request of relevant documents." (Dkt. 100 at 1.) But this supposed conference with Defendants' counsel took place *after* Plaintiff filed her Motion to Compel, which does not comply with the requirement that the moving party certifies "*at the time of filing the motion*" to compel that the party has attempted to meet and confer with the opposing party. D. Idaho Loc. Civ. R. 37.1 (emphasis added). Moreover,

**MEMORANDUM DECISION AND ORDER  4**

Plaintiff does not set forth precisely what she discussed with Defendants' attorneys, and her statements that she complained to them about Defendants' lack of cooperation and failure to timely respond to discovery are too generalized to constitute a reasonable effort to meet and confer.[2]

## PLAINTIFF'S MOTION TO AMEND

Plaintiff has also filed a motion to amend her Amended Complaint and a proposed Second Amended Complaint. (Dkt. 101.) As noted above, this is the second time Plaintiff has attempted to file a second amended complaint; Plaintiff withdrew her initial proposed amendment before the Court could address it. (Dkt. 94 at 1, 95 at 1.)

Plaintiff submitted the instant Motion to Amend after the deadline for such amendments, as set forth in the Court's November 18, 2013 Scheduling Order (Dkt. 52), had already passed. The deadline for motions to amend or to join parties was February 17 2014 (*id.*, setting amendments deadline for 90 days after issuance of scheduling order), but Plaintiff did not file the present motion to amend until May 13, 2014, at the earliest. (Dkt. 101-1). *See also Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding that a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually received by the clerk of court).

---

[2] The Court notes that counsel for Corizon has disputed Plaintiff's statement that she met with "each and every" defense attorney after her deposition (Dkt. 96-10); counsel avers that counsel did not have any conversation with Plaintiff about discovery at any time (*see* Dkt. 103-1). The Court need not resolve this dispute, however, because even if Plaintiff did speak with counsel for each Defendant, her conversation—as she describes it—does not satisfy the meet-and-confer requirement.

**MEMORANDUM DECISION AND ORDER  5**

In asking the Court to grant her Motion to Amend, Plaintiff relies on the liberal amendment principle found in Rule 15(a)(2) of the Federal Rules of Civil Procedure, which states that a court "should freely give leave when justice so requires." However, because allowing an amendment at this stage of the proceedings would require a modification of the Scheduling Order, the appropriate legal standard is that found in Rule 16. Under that rule, a court may modify a scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). A court may modify the pretrial schedule if the deadline cannot reasonably be met despite the diligence of the party seeking the modification. *Id.*

Plaintiff has not shown good cause for her failure to timely file the instant motion to amend. Plaintiff obviously could have filed a motion to amend prior to the deadline—she actually *did* file a proposed amendment. But it was Plaintiff's own choice to withdraw that pleading, and she must live with her litigation decisions. Plaintiff claims that she did not want to withdraw her initial proposed second amended complaint but that she did so "because of defects in which the defendants opposed, and Plaintiff saw as a potential cause for it's [sic] denial." (Dkt. 115 at 1.) This explanation does not constitute good cause; Plaintiff has not even attempted to explain why the *instant* motion to amend and proposed amendment could not have been filed before the deadline.

For the foregoing reasons, Plaintiff's Motion to Amend will be denied.

**MEMORANDUM DECISION AND ORDER  6**

# ORDER

**IT IS ORDERED:**

1.  Plaintiff's Motion for Extension of Time (Dkt. 80) is DENIED.

2.  Plaintiff's Motion for Order Compelling Discovery (Dkt. 96) is DENIED.

3.  Plaintiff's Notice and Motion for Hearing, or Alternatively Notice and Motion for Telephonic Hearing (Dkt. 102) on Plaintiff's Motion for Order Compelling Discovery is DENIED.

4.  Plaintiff's Motion for Leave of Court to Amend Complaint (Dkt. 101) is DENIED.

5.  Plaintiff's Motion for Leave of Court to File Additional Motion (Dkt. 114) is MOOT. This motion seeks only that Plaintiff be allowed to file a reply brief (Dkt. 115) in support of her Motion to Amend. A reply brief is not a motion, and the Court has considered all of Plaintiff's submissions (including Dkt. 115) in ruling on the instant motions.

6.  No motions for reconsideration shall be filed with respect to this Order.

7.  For the reasons explained in the Initial Review Order (Dkt. 16)—the analysis in which the Court adopts and hereby incorporates into this Order—the following Defendants are formally DISMISSED from this action: Deputy Warden Perez, Tom Kessler, Shane Jepsen, Brian Johnson, S. Mulen, Lieutenant Venem, Charlie Fletcher, Acel K. Thacker, Dr. Lambert, Brent Reinke, Will Fruehling, Dam Bromly, Renae P. James,

Johanna Smith, Randy Blades, Howard Yordy, Jay Cristensen, Garrett Coburn, ISCI Employee Bobbolo, Ashley Dowell, Brian N. Fariss, Psychiatric Technician Brackin, Richard Craig, Shane Evans, V. Greenland, S. Williams, Sgt. Thodes, Sgt. Finley, Troy Black, C/O Shoen, C/O Stoph, Rich Cartney, Connie Smock, Karen Walker, Scott Lossman, P.A. Valley, Corizon Employee Richardson, Theresa Williams, L. Brown, CMS Employee Groff, and John and Jane Does 1-200.

8. The stay of the dispositive motions deadline (contained in Dkt. 95), is VACATED. All dispositive motions with respect to Defendants CCA, ICC, Corizon, Kerr, Allen, Magon, Cardona, Siegert, Romwell, Kirkman, and Wamble-Fisher shall be filed **no later than 30 days after entry of this Order**. No extensions of time to file dispositive motions shall be granted absent extraordinary circumstances.

9. Defendant Wengler has only recently appeared in this action. Because Defendant Wengler might choose to file his own dispositive motion or to join a dispositive motion filed by other Defendants, the Court will refrain at this time from issuing a separate scheduling order governing the litigation of Plaintiff's claims against Defendant Wengler. If Defendant Wengler does not choose to file or to join a dispositive motion, or if any such motion is denied, the Court will then issue a scheduling order applicable to the claims against Defendant Wengler.

**SO ORDERED.**

DATED: **June 24, 2014**

_[signature]_

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER 9**